UNITED STATES DISTRCIT COURT
COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

| | |
|---|---|
| EDWARD A. PRISBY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. |
| ) | |
| ANN MARIE FOLEY, ) | |
|     Defendant. ) | |

## COMPLAINT FOR VIOLATIONS OF THE FIRST AMENDMENT AND DEMAND FOR JURY TRIAL

### Parties

1. The Plaintiff, Edward A. Prisby, is a resident of Grafton, Worcester County, Massachusetts.

2. The Defendant, Ann Marie Foley, is a resident of Grafton, Worcester County, Massachusetts.

### Jurisdiction

3. Jurisdiction is proper pursuant to 28 USC §1331 where this matter involves a question of Federal law.

### Facts

4. At all times material hereto, the Plaintiff is a resident of the Town of Grafton, Massachusetts.

5. At all times material hereto, the Defendant is a resident of the Town of Grafton, Massachusetts.

6. The Plaintiff is a former elected official in the Town of Grafton, and occasional public critic of the Defendant in her capacity as Chairperson of the Grafton Select Board, as a result of her public policy positions concerning housing and school funding.

7. In 2021, the Defendant was elected as a member of the Select Board of the Town of Grafton, Massachusetts.

8. According to the Town of Grafton's Town Charter, the Select Board is the executive board governing the Town of Grafton, and charged as elected officials to perform certain functions governing town resources paid for with tax-payer funds.

9. Decisions and determinations made by the Select Board are necessarily of public concern.

10. Residents of the Town of Grafton have the right, under the First Amendment of the Constitution of the United States of America, to address grievances to their elected officials.

11. At all times material hereto, the Defendant operates a social media "Facebook" account under her own name, Ann Marie Foley ("the Account").

12. At all times material hereto, the Defendant operates a Facebook account labeled "Ann Marie Foley – Grafton Select Board" ("the Town Account").

13. These accounts are operated by the Plaintiff interchangeably and without distinction where her official town business is concerned.

14. For instance, the Account frequently posts important town information to the Town Account, which the Plaintiff cannot see.

15. When the Account posts to the Town Account, the Defendant has been the Account to speak on behalf of herself as an elected representative of the Town of Grafton, or as

someone operating in her capacity as an elected official and within her authority granted by the Town of Grafton.

16. As such, the Defendant was engaging in "state action" at all times material hereto concerning posts from the Account to the Town Account.

17. Upon information and belief, the Defendant has used the Account to post to the Town Account concerning issues within the Defendant's purview as a Select Board member, and Chair of the Select Board ("the Board").

18. Upon information and belief, the Defendant has used the Account to issue statements on behalf of the Board which she has been elected to, or on behalf of herself as an elected official of that Board.

19. On or about January 13, 2025, the Defendant posted to a Facebook group called "Grafton Informed" relative to her opinions concerning the MBTA Communities Act as the Chair of the Grafton Select Board, or with the purported authority of the position which she holds, which the Plaintiff was blocked from seeing.

20. On February 11, 2025, the Plaintiff was made aware that the Defendant had posted a campaign for reelection announcement on the Town Account which the Plaintiff was blocked from seeing.

21. On April 29, 2025, the Defendant posted to a Facebook Account entitled "All Things Grafton" in which she opined in her official capacity concerning matters relating to the semi-annual Grafton open Town Meeting, which the Plaintiff was blocked from seeing, which the Defendant attended as Chairperson of the Grafton Select Board.

22. Upon information and belief, the Plaintiff has been blocked from seeing all public social media posts from the Plaintiff relative to her official capacity as Select Board member for over a year.

23. As such, it is difficult to ascertain how extensive the Plaintiff's First Amendment deprivations are, although it is certain that they are serious and pervasive, and a threat to the community at large where the Defendant may well feel entitled to deprive any member of the Grafton community of their First Amendment rights.

24. Upon information and belief, the Defendant has posted information concerning important public matters on the same topics that the Plaintiff has commented on, but the Plaintiff is entirely unable to view his elected official's position on these issues.

25. The Plaintiff is therefore unable to communicate with his elected town official via the Facebook account, even with the Plaintiff's issues, or even the Plaintiff himself, are discussed.

26. Upon information and belief, the above described actions are part of a pattern of behavior on the part of the Defendant toward many members of the community.

27. At some point in 2024, the Plaintiff and Defendant had a telephonic conversation in which the Defendant acknowledged that she had blocked the Plaintiff from seeing her government-related social media posts, but both declined to say why this had been done, and declined to remedy the situation, leaving the Plaintiff to believe it was done to avoid scrutiny and accountability for the Defendant's public policy decisions.

## COUNT I
42 U.S.C. §1983

28. The Plaintiff incorporates the preceding factual allegations as if fully set forth herein.

29. The Defendant at all times material hereto, as an elected official of the Town of Grafton, possessed actual authority to speak on behalf of the Town of Grafton.

30. At all times material hereto, the Defendant purported to exercise that authority when she spoke on social media as set forth above.

31. The Defendant has prevented the Plaintiff from seeing or interacting with the Defendant's social media posts as set forth above.

32. As a result the Plaintiff has been deprived of his Constitutional rights and has suffered damages.

WHEREFORE, the Plaintiff, Edward A. Prisby, requests the following relief:

1.) Enter judgment in favor of the Plaintiff against the Defendant in an amount necessary to satisfy the requirements of this Court, as well as costs and attorneys' fees; and

2.) For any such other relief as this Court deems just and proper.

Respectfully requested,
EDWARD A. PRISBY
Pro Se,

/s Edward A. Prisby
Edward A. Prisby, BBO#655217
Kajko, Weisman & Colasanti, LLP
430 Bedford Street
Lexington, Massachusetts 02420
eprisby@massfirm.com
(781) 860-9500