UNITED STATES DISTRCIT COURT
COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

| | |
|---|---|
| EDWARD A. PRISBY, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>ANN MARIE FOLEY, )<br>        Defendant. ) | C.A. NO. |

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FIRST AMENDMENT AND DEMAND FOR JURY TRIAL**

INTRODUCTION

The Plaintiff in this matter, Edward Prisby, is a resident of the Town of Grafton, Massachusetts. The Defendant, Ann Marie Foley, is also a resident of the Town of Grafton, and since May of 2022, has been an elected member of the Town of Grafton Selectboard, and has served as its Chairperson since 2024. During her term of office, Select Board Member Foley has silenced her critics by "blocking" them from the Facebook social media account that she uses in her capacity as Select Board member and most recently as Chair of that Board and the ostensible face of Grafton town government. This is a direct violation of her constituents' First Amendment rights, and therefore an obstacle to the fundamental American principle that citizens may take redress against their elected officials.

Parties

1. The Plaintiff, Edward A. Prisby, ("Prisby" or "the Plaintiff") is a resident of Grafton, Worcester County, Massachusetts.

2. The Defendant, Ann Marie Foley, ("Foley" or "the Defendant") is a resident of Grafton, Worcester County, Massachusetts.

Jurisdiction

3. Jurisdiction is proper pursuant to 28 USC §1331 where this matter involves a question of Federal law.

Facts

4. At all times material hereto, the Plaintiff is a resident of the Town of Grafton, Massachusetts.

5. At all times material hereto, the Defendant is a resident of the Town of Grafton, Massachusetts.

6. In 2022, the Defendant was elected as a member of the Select Board of the Town of Grafton, Massachusetts.

7. The Plaintiff is a former elected official in the Town of Grafton, and occasional public critic of the Defendant in her capacity as Chairperson of the Grafton Select Board, as a result of her public policy positions concerning issues such as, but not limited to, housing and local municipal budgeting.

8. According to the Town of Grafton's Town Charter, the Select Board is the executive board governing the Town of Grafton and charged as elected officials to perform certain functions governing town resources paid for with tax-payer funds.

9. Decisions and determinations made by the Select Board are necessarily of public concern.

10. Residents of the Town of Grafton have the right, under the First Amendment of the Constitution of the United States of America, to address grievances to their elected officials.

11. At all times material hereto, the Defendant operates a social media "Facebook" account under her own name, Ann Marie Foley ("the Account").

12. At all times material hereto, the Defendant operates a Facebook account labeled "Ann Marie Foley – Grafton Select Board" ("the Town Account").

13. These accounts are operated by Foley interchangeably and without distinction where her official town business is concerned.

14. For instance, the Account frequently posts important town information to the Town Account, which the Plaintiff cannot see.

15. When the Account posts to the Town Account, the Defendant has used the Account to speak on behalf of herself as an elected representative of the Town of Grafton, or as someone operating in her capacity as an elected official and within her authority granted by the Town of Grafton.

16. As such, the Defendant was engaging in "state action" at all times material hereto concerning posts from the Account to the Town Account.

17. Upon information and belief, the Defendant has used the Account to post to the Town Account concerning issues within the Defendant's purview as a Select Board member, and Chair of the Select Board ("the Board").

18. Upon information and belief, the Defendant has used the Account to issue statements on behalf of the Board which she has been elected to, or on behalf of herself as an elected official of that Board.

19. Shortly after her 2022 election to the Grafton Select Board, Foley proceeded to "block" many Grafton residents who voiced disagreement with her either publicly or privately.

20. Since 2022, Foley has proceeded to "unblock" many of those Grafton residents.

21. For whatever reason, Ms. Foley has chosen not to unblock the Plaintiff, preventing the Plaintiff from receiving Foley's communications concerning Grafton issues, and from publicly interacting with Foley on that social media platform.

22. On or about January 13, 2025, the Defendant posted to a Facebook group called "Grafton Informed" relative to her opinions concerning the MBTA Communities Act as the Chair of the Grafton Select Board, or with the purported authority of the position which she holds, which the Plaintiff was blocked from seeing.

23. On February 11, 2025, the Plaintiff was made aware that the Defendant had posted a campaign for reelection announcement on the Town Account which the Plaintiff was blocked from seeing.

24. On April 29, 2025, the Defendant posted to a Facebook Account entitled "All Things Grafton" in which she opined in her official capacity concerning matters relating to the semi-annual Grafton open Town Meeting, which the Plaintiff was blocked from seeing, which the Defendant attended as Chairperson of the Grafton Select Board.

25. Upon information and belief, the Plaintiff has been blocked from seeing all public social media posts from the Plaintiff relative to her official capacity as Select Board member for over a year.

26. As such, it is difficult to ascertain how extensive the Plaintiff's First Amendment deprivations are, although it is certain that they are serious and pervasive, and a threat to the community at large where the Defendant may well feel entitled to arbitrarily deprive *any* member of the Grafton community of their First Amendment rights, as she has with the Plaintiff.

27. Upon information and belief, the Defendant has posted information concerning important public matters on the same topics that the Plaintiff has commented on, but the Plaintiff is entirely unable to view his elected official's position on these issues.

28. The Plaintiff is therefore unable to communicate with his elected town official via the Facebook account, even when matters of concern to the Plaintiff, or even the Plaintiff himself, are discussed.

29. Upon information and belief, the above-described actions are part of a pattern of behavior on the part of the Defendant toward many members of the community, including the Plaintiff.

30. At some point in 2024, the Plaintiff and Defendant had a telephonic conversation in which the Defendant acknowledged that she had blocked the Plaintiff from seeing her government-related social media posts, but both declined to say why this had been done, and declined to remedy the situation, leaving the Plaintiff to believe it was done to avoid scrutiny and accountability for the Defendant's public policy decisions.

## COUNT I
## 42 U.S.C. §1983

31. The Plaintiff incorporates the preceding factual allegations as if fully set forth herein.

32. The Defendant at all times material hereto, as an elected official of the Town of Grafton, possessed actual authority to speak on behalf of the Town of Grafton.

33. At all times material hereto, the Defendant purported to exercise that authority when she spoke on social media as set forth above.

34. The Defendant has prevented the Plaintiff from seeing or interacting with the Defendant's social media posts as set forth above.

5

35. As a result the Plaintiff has been deprived of his Constitutional rights and has suffered damages.

## COUNT II
Injunctive Relief

36. The Plaintiff incorporates the preceding factual allegations as if fully set forth herein.

37. The Plaintiff seeks injunctive relief from this Honorable Court to restore his access to his Government's social media communications posted by the Defendant on her personal account but in her official capacity, as set forth above.

38. As set forth above, the Defendant's use of her Facebook account in official government communications and acting within her capacity as a Select Board member, and her denial to the Plaintiff of access to the same, is violative of his First Amendment rights.

39. Without access to redress of his government in the means in which it is communicating, the Plaintiff will suffer irreparable harm, and it is in the public interest to enforce the Plaintiff's First Amendment rights.

40. Accordingly, this Court should exercise its authority to order that the Defendant restore the Plaintiff's access to the Defendant's social media accounts.

WHEREFORE, the Plaintiff, Edward A. Prisby, requests the following relief:

1.) Enter judgment in favor of the Plaintiff against the Defendant in an amount necessary to satisfy the requirements of this Court, as well as costs and attorneys' fees;

2.) Enter an order that the Defendant restore the Plaintiff's access to her social media accounts as set forth above; and

3.) For any such other relief as this Court deems just and proper.

**JURY DEMAND**

The Plaintiff demands a trial by jury on all counts to triable.

                                          Respectfully requested,
                                          EDWARD A. PRISBY
                                          Pro Se,


                                          /s Edward A. Prisby
                                          Edward A. Prisby, BBO#655217
                                          Kajko, Weisman & Colasanti, LLP
                                          430 Bedford Street
                                          Lexington, Massachusetts 02420
                                          eprisby@massfirm.com
                                          (781) 860-9500